Argued March 29, affirmed April 15, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HAZARD, *Respondent, and* HAZARD
(No. 383256), *Appellant.*
521 P2d 29

230

*Stephen A. Moen,* Portland, argued the cause and filed the brief for appellant.

*George V. DesBrisay,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Husband appeals from a decree of dissolution of marriage, asserting that the court erred in the part of the decree which made a division of the property of the parties. The challenges are: (1) to an award of an organ (which husband claims belongs to his mother) to him in trust for the use of the children of the marriage; (2) to a joint award to him and wife of corporate stock that was acquired solely by husband before the marriage; (3) in leaving husband alone responsible

for repayment of loans made by husband's mother to the parties; (4) in not requiring an immediate sale and division of the proceeds of the parties' residence; and (5) in requiring husband to make major repairs and residence loan payments.

The parties were married for eight years and had two children; the age of the youngest was seven at the time of trial. Husband's estimate of his income for the year 1973 was $15,400. The wife, to whom custody of the children was awarded, was taking a secretarial course and expected to be in position to earn $550 per month in less than a year. The residence had been purchased with the aid of a loan from husband's mother and it is subject to another mortgage loan with about $7,500 remaining due, on which there are payments of $114 per month which include taxes and insurance. The mother had loaned other sums to the parties (all of her loans totaled about $13,000) and they had repaid sufficient so that the balance remaining due to the mother was about $7,800. The residence was presently valued at around $20,000 and the parties also owned a lot worth about $6,000. The husband had some life insurance policies before the marriage and owned some stock before the marriage, the exact value of which is not clear from the record. He acquired some additional stock after the marriage. There were other items of personal property not necessary to mention here which were awarded to the parties. Husband testified that an organ located in the residence occupied by the wife and children belongs to his mother. The husband's mother was called as a witness, but no testimony was elicited from her about the organ. The decree required that husband pay $90 per month per child for their support, and that the parties be tenants in common of the residence, with the wife

in possession "until she remarries, voluntarily vacates or the youngest child attains majority * * *," and at that time the property be sold and the proceeds equally divided. The husband was required to make mortgage payments and any major repairs that might be needed on the residence. The husband was awarded the unimproved lot worth $6,000 but was required to hold wife harmless from any obligations on the loans from husband's mother. The stock in husband's business was given to him but all other stocks and bank accounts were equally divided between them.

■ (1). The record does not make it clear who the organ belongs to.[1] The decree awarded it to husband in trust for use of the minor children in their minority but required that the organ remain in the family home during that time. If in fact the organ does belong to husband's mother the trial court's or this court's decree cannot affect such ownership or the right to its possession, for the mother is not party to this proceeding. We see nothing wrong with the trial court's disposition of the organ, subject to its being a marital asset.

■ (2). There is no legal reason why a dissolution court cannot decree ownership of property acquired by one of the parties before the marriage, as was done in this case. ORS 107.105 (1)(e); *Vetter and Vetter,* 16 Or App 634, 520 P2d 364 (1974). As we will note infra the disposition of the assets, taken as a whole, appears to be equitable.

■ (3). The husband's mother appears to expect

---

[1] In view of the failure of both parties to produce obviously available evidence on this point, the court as the fact finder (and this court, too) should consider the rules of evidence that are set out in ORS 17.250 (7) and 41.360 (6), (8), (11).

that her son will repay the balance due on the various loans she has made. However, we note that the bookkeeping methods used to evidence these loans were loose. There is no writing to evidence the loans except for the canceled checks, which the mother made out to her son alone. In her testimony the mother said when she was testifying about the last of the loans:

"A  *  *  * It's up to him to pay me whatever he can.

"Q  Is it necessary that he pay it back?

"A  Well, it's not necessary, but I loaned it to him. I'm sure he'll pay it back."

■ (4, 5). By making the parties tenants in common in the residence until the wife remarries or vacates or the youngest child attains majority, the court was providing, as well as it could, that the children would have a home, and one they were used to. By requiring the husband to make the payments on the mortgage loan, it was in a measure requiring him to make a contribution to the children's support above the $90 per month cash payment for each. The husband estimated his yearly income to be $15,400. The payment on the loan, $114 per month, plus $180 a month cash support payments, is $294, a sum not out of line, considering his income, for two children. Additionally, the husband as well as the wife will receive a substantial return after the use of the home for the children is no longer necessary and it is sold. Another consideration is that the house may well soon be subject to sale because there is evidence in the record that the wife is already discussing remarriage. If she were to seek to avoid the decree proviso by making an affiliation with another man without benefit of marriage, the court would not be powerless to modify the decree. ORS 107.135 (1)(a).

The trial court's decision was "just and proper in all the circumstances." ORS 107.105 (1)(e); *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970).

Affirmed. Costs to neither party.