Argued August 19, reversed October 14, reconsideration denied
November 20, 1974, petition for review denied January 3, 1975

DAVIS, *Respondent, v.* DAVIS (No. 392-605),
*Appellant.*

527 P2d 149

*Robert A. Bennett,* Portland, argued the cause for appellant. With him on the brief were George D. Leonard, Portland, and Willner, Bennett, Meyers, Riggs & Skarstad, Portland.

*David W. Dardano,* Portland, argued the cause for respondent. With him on the brief were William E. Hanson, and Dardano, Mowry & Hanson, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

This appeal involves a decision in equity reforming a contract which was incorporated into a divorce decree. The decree provided in part:

"1. Husband will pay to the Wife, through the Clerk of this Court, the sum of $300. per month as alimony for a period of twenty-four months."

The decree contained no provision for termination of the monthly payments at an earlier date in the event of the wife's remarriage.

Upon his wife's subsequent remarriage, respondent-husband sought, and the trial court allowed, reformation of the above paragraph, adding a provision for automatic termination of alimony payments "upon the remarriage of Wife."

■ When an agreement between the parties to a divorce is incorporated into a divorce decree, the court retains jurisdiction to modify the support provisions under ORS 107.135.① The parties cannot deprive the

---

① "(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party * * *

"* * * * *." ORS 107.135.

court of this jurisdiction. *Garnett v. Garnett,* 270 Or 102, 526 P2d 549 (1974), holds that an agreement between the parties to a dissolution-of-marriage proceeding that support payments should not terminate on the remarriage of the wife did not remove the court's jurisdiction to terminate the payments upon the wife's remarriage.

■ Once incorporated into a court decree, such an agreement between the parties loses its contractual nature. *Prime v. Prime,* 172 Or 34, 139 P2d 550 (1943). A suit for reformation is therefore fruitless because the contract no longer exists. If respondent in the case at bar believed he was entitled to modification of the support provision his remedy was to petition the court for modification of the decree under ORS 107.135.

Reversed.