Argued April 22, reversed and remanded with instructions May 17, 1976

# In the Matter of the Dissolution of the Marriage of
## THOMPSON, *Respondent,*
### *and*
## THOMPSON, *Appellant.*
### (No. 85862, CA 5331)
549 P2d 683

*Jerold L. Billings,* Portland, argued the cause and filed the brief for appellant.

*Charles R. Mowry,* Portland, argued the cause for respondent. With him on the brief were Dardano & Mowry, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The father appeals from an order denying his application to reduce support payments for his two minor daughters, now ages 10 and 6 years.

The marriage of the parties was dissolved by decree on June 16, 1975, *nunc pro tunc* April 25, 1975. It required the father to pay $100 a month support for each child and $10 a month "permanent alimony" to the mother. These amounts were fixed by mutual agreement of the parties at the time of trial.

The father's motion to modify came on for hearing on October 17, 1975. He testified that since entry of the original decree he had lost his well-paying position with Portland Terminal Railway (monthly salary approximately $800) and had been forced to accept a lower-paying position as a janitor in the Portland school system ($422 a month). Both amounts represent the father's net take-home pay.

The father makes the following points: (1) His living expenses and support now exceed his present income. He testified that on this account he is making child support payments of only $62.50 per month per child rather than $100 a month required by the decree. (2) Since the original decree, the mother, because of a disabling eye condition which prevents her from working, has begun receiving social security benefits for the children of $98.50 per month per child. In addition she receives a $260.20 monthly check for herself.

The record shows that the trial court, in denying the father's request for a reduction in his child support payments, was relying on the "clean hands" doctrine, ruling that because the father was in arrears on his support obligation, that doctrine precludes modification.

The mother argues that the trial court was correct in relying on the "clean hands" doctrine; further that the father failed to show a sufficient change of circumstances to warrant modification.

[ 423 ]

The father counters by arguing that his arrearage and the "clean hands" doctrine should not operate to deny him the right to relief, if he is otherwise eligible, and that there has been an adequate showing of a change of circumstances.

Prior to the advent of no-fault divorce in this state, our Supreme Court often stated that the "clean hands" maxim applies to divorce cases. *E.g., Parks v. Parks,* 182 Or 322, 187 P2d 145 (1947). Most, if not all, of these statements are to be found in cases where the court refused to grant a divorce to the plaintiff because both parties were found to be guilty of equally reprehensible marital misconduct. *See,* Note and Comment, *Divorce—Recrimination—Equity—"Unclean Hands,"* 13 Or L Rev 335 (1933-34).

So far as we can determine, however, neither of the appellate courts of this state has heretofore had occasion to consider the extent of the application of the "clean hands" doctrine in respect to motions to modify the support provisions of dissolution decrees. Elsewhere the authorities appear to be divided.

We believe that the more desirable rule, as well as the majority rule, is that a court should not be precluded from entertaining an application to modify a decree where the applicant is in arrears. *See, Kane v. Kane,* 154 Colo 440, 391 P2d 361 (1964); *Erickson v. Erickson,* 194 Minn 634, 261 NW 397 (1935); *Peters v. Peters,* 14 App Div2d 778, 219 NYS2d 906 (1961); *Bittson v. Bittson,* 7 App Div2d 867, 182 NYS2d 103 (1959). *See also,* Annotation, 6 ALR2d 835 (1949), 1-6 ALR2d Later Case Service 795 (1971); 24 Am Jur2d 792-93, Divorce and Separation § 673 (1966); Clark, Law of Domestic Relations 452, 464, § 14.9 (1968); 2A Nelson, Divorce and Annulment 110 et seq, § 17.28 (2d ed 1961).

Accordingly, we conclude that the trial court erred in treating the "clean hands" doctrine as dispositive of the case at bar. We believe the proper rule is this: A parent who is in arrears but is otherwise entitled to a

modification of monthly support payments should not be denied relief under the "clean hands" doctrine if the court is satisfied that he has a valid excuse for not meeting his required payments in full, e.g., financial inability to pay.

■ Here the evidence established that the father had suffered a reduction of approximately $360 in his monthly salary. Under these circumstances it cannot be said that he was coming into court requesting relief with unclean hands.

■ Having examined the record we conclude that because of the father's substantial drop in monthly salary on the one hand, and the social security payments being made for the support of the children on the other, his child support payments should be reduced to $75 per month per child. *Tice v. Tice,* 207 Or 247, 295 P2d 866 (1956).

■ Lastly, mention should be made of the mother's argument that the amount of child support should not be changed because it was agreed to by both parties during the original trial, approved by the trial court and incorporated in the final decree.

In *Davis v. Davis,* 19 Or App 209, 527 P2d 149 (1974), Sup Ct *review denied* (1975), we said:

"When an agreement between the parties to a divorce is incorporated into a divorce decree, the court retains jurisdiction to modify the support provisions under ORS 107.135.[1] The parties cannot deprive the court of this jurisdiction. * * *

"'(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

" '(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party * * *

" '* * * * *.' ORS 107.135." 19 Or App at 210-11.

Courts elsewhere have likewise held that a support order is modifiable notwithstanding that it was origi-

nally based upon an agreement between husband and wife. *See,* Clark, Law of Domestic Relations 498, § 15.2 (1968).

Reversed and remanded for entry of a decree on modification consistent with this opinion. No costs to either party.