# In the Matter of the Dissolution of the Marriage of
## VAUGHN, *Appellant,*
### *and*
## VAUGHN, *Respondent.*
### (No. 39514, CA 5638)
#### 550 P2d 1243

*Robert B. Dugdale,* Eugene, argued the cause for appellant. With him on the brief were Sahlstrom, Lombard, Starr & Vinson, Eugene.

*Robert H. Anderson,* Roseburg, argued the cause for respondent. With him on the brief were William Jayne, Reedsport, and Stults, Murphy & Anderson, Roseburg.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The central issue in this appeal is this: May the court on motion of the husband eliminate the provision in the dissolution decree for the permanent support of the wife solely because she is now cohabiting with a male companion?

The order of the trial court provided that the required payments of $250 a month to the ex-wife were terminated until she stops cohabiting with her male companion.

The parties were married in 1952; the dissolution came in 1973. The decree provided that the monthly support to the ex-wife continue for life, "or until such time as Wife shall remarry." The evidence was undisputed that the ex-wife had moved from the former family home of the parties into a trailer court where she entered into the shared living arrangement previously referred to. Although the ex-husband testified that he had been advised that his ex-wife had remarried in Mexico, both she and her male friend testified that they had not married and the trial court so found. Both testified that while they paid rent at the trailer court in equal amounts and shared the expenses for food, they were financially independent of each other.

The ex-wife relies on the following points for reversal: (1) Where the support payments were fixed by mutual agreement and approved by judicial decree, the trial court has no authority to construe the decree to mean that the parties really intended that the support was to terminate when the ex-wife entered into a shared living arrangement with a male companion; that the decision was actually based upon the court's disapprobation of the ex-wife's living arrangement. (2) The court can modify only on a showing of a material change in financial circumstances; that no such showing was made. (3) Under Oregon law proof of a shared living arrangement between an unmarried couple does not provide a sufficient basis for terminating previ-

ously agreed to and court-approved support payments to the ex-spouse.

The ex-husband answers the above arguments as follows: (1) Under ORS 107.135(1)(a) the court retained its full power to modify the decree as regards support for the wife. (2) The evidence discloses a material change in the ex-wife's financial circumstances. (3) The court has power to modify support provisions of the decree of dissolution because of subsequent sexual misconduct of a party.

■ The ex-wife is in error in her first contention, namely, that where the support payments are fixed by mutual agreement and approved by judicial decree they are not modifiable. This same contention was considered by this court and decided adversely to the wife's contention in *Davis v. Davis,* 19 Or App 209, 527 P2d 149 (1974), Sup Ct *review denied* (1975). *Accord: Thompson and Thompson,* 25 Or App 421, 549 P2d 683 (1976).

■ We turn now to the central issue, namely, the authority of the trial court to modify based on the ex-wife's shared living arrangement.

This court has discussed the subject in at least two earlier cases. In *Hazard and Hazard,* 17 Or App 229, 233, 521 P2d 29 (1974), the decree provided that the two ex-spouses were to hold the family residence as tenants in common "until the wife remarries or vacates [the residence] or the youngest child attains majority." This court noted in dictum that if the wife were to attempt to avoid the decree proviso by making an affiliation with another man without benefit of marriage, the court would not be powerless to modify the decree, citing ORS 107.135(1)(a).

In *Vann and Vann,* 24 Or App 31, 33, 544 P2d 175, Sup Ct *review denied* (1976), the issue in the case at bar was squarely presented. The ex-husband moved to eliminate the provisions for support to the ex-wife of $125 a month for five years. The ex-husband based his

motion to modify on the following grounds: (1) that his income had deteriorated since the time of the original decree and (2) that his ex-wife was gainfully employed and living with a man to whom she was not married.

The trial court found that the wife had been living with the other man and had been paying the rent " 'and essentially supporting herself, and that this relationship is about to terminate.' " The majority opinion also concluded that the cohabitation was about to cease.

In affirming the decision of the trial court denying the husband's motion to modify, we stated in part:

"* * * The Oregon Criminal Code of 1971 (ORS 161.005 et seq.) does not define as offenses such acts as adultery, fornication and lewd cohabitation.

"Therefore, we conclude that we may not deprive wife of the support payments previously ordered solely because of the living arrangements that were demonstrated to have existed. If the proof of the same living situation were also proof that she was not using the support money substantially for the purpose for which it was intended or that she had sufficient other income so that she no longer needed the support money, the result might well be different. At bar, however, we conclude, as did the trial court who saw and heard the witnesses, that the relationship with the other man was drawing to a conclusion and that the reasons for the support money provision remained unchanged. Therefore, we conclude that there was no change of circumstances." *Vann and Vann, supra* at 34-35.

In view of the repeal of Oregon statutes prohibiting fornication and lewd or illicit cohabitation, we believe that the rule announced in *Vann* is in harmony with the public policy of this state as now declared by the legislature. We conclude that this policy should be adhered to by the courts until otherwise declared by the people of this state through their elected representatives. Accordingly, the authority to modify in such cases is and should be based on the presence or absence of a change in the financial circumstances of the ex-

wife by reason of the shared living arrangement, not upon judicial approbation or disapprobation of the moral issue involved.[1]

Thus, if the evidence establishes a substantial change in the financial circumstances of the ex-wife as a result of the shared living arrangement, then the ex-husband may be entitled to a modification or even termination of the support payments to the ex-wife. On the other hand, if the evidence shows that her financial circumstances as a result of this living arrangement are the same, no modification would be warranted.

■ It is impossible to determine from the record with the requisite degree of certainty the amount by which the ex-wife's financial circumstances may have improved as a result of the shared living arrangement. Therefore this proceeding must be remanded.

Reversed and remanded for further proceedings not inconsistent with this opinion. No costs to either party.

---

[1] Cases from other jurisdictions dealing with the issue of the effect of the ex-wife's subsequent sexual conduct are collected in Annotation, 6 ALR2d 859 et seq (1949) (and supplemental volume).