In the Matter of the Dissolution of the Marriage of
BAINER, *Respondent,*
*and*
BAINER, *Appellant.*
(No. CC75-141, CA 6590)

556 P2d 1377

*Nicholas D. Zafiratos,* Astoria, argued the cause for appellant. With him on the brief were Zafiratos & Roman, Astoria.

*Ronald P. Hoxie,* Astoria, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The wife appeals certain provisions of a decree dissolving the nine year marriage of the parties. The court granted custody of the two minor children to the husband, awarded wife $250 per month support, and divided the real property of the parties, a savings account and income tax refund giving 60 percent to husband and 40 percent to wife.

Appellant seeks in this appeal additional support, custody of the minor children, a greater percentage of the property and removal of a provision in the decree terminating support in the event she enters into a relationship which substantially resembles marriage.

This was a nine year marriage in which there are two children, ages six and eight. A child, 13 years old, from a former marriage of the wife was part of the family and is now with the wife. The wife had two years of college but had worked only a few months during the marriage and not at all since 1969. The husband is president of a community college with an annual salary of $31,000.

In the last five years the wife has suffered from a mental illness which resulted in her being committed by court proceedings to a hospital on at least two separate occasions; she, however, was institutionalized for only short periods of time. Although the doctor has prescribed medication she has refused to take it on a regular basis. One of the treating psychiatrists characterized her mental illness as chronic but presently in partial remission. On order of the court a county juvenile counselor made a "child custody" study and recommended the two children of this marriage be awarded to the father.

The wife contends she is better able to care for the children as she can remain home with them and since she has custody of the older child from a former marriage it would be in the children's best interest to keep them together.

The older child will soon be following interests as a teenager quite different from those of the two younger children. The value of the children living together is outweighed by other considerations respecting the best interests of the children. This record, which includes the juvenile counselor's child custody study, demonstrates some problems in the wife's relationship with the children and the effect her illness may have on her ability to care for the children on a long-term basis.

■■ In the situation where parents have competing desires to have the children and where the fitness of the individual parent is in question we should and do give considerable weight to the findings of the trial judge. *Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972); *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970). The judgment of the court awarding custody of the children to the father was in the best interest of the children.

■ The court divided the real property, the savings account and income tax refund by awarding 60 percent to the husband and 40 percent to the wife. Considering the husband has custody of the two minor children with the additional expense this portends, the property division was proper.

■ There is little evidence in the record concerning wife's ability to get a job and no evidence concerning the effect of her illness on her employability. She testified she could get a job if she had to but would prefer to stay home with the children.

Removed from the stress of marriage, which she asserts was the principal cause of her illness, it appears more likely than not she will continue to improve and be able to obtain employment to enhance her income.

Providing a proper home for the two minor children is an interest that is paramount to both the mother and father. The father must be accorded some finan-

cial leeway in meeting this obligation. We decline to increase the amount of support.

■   A living arrangement other than a valid marriage cannot per se be the basis of modifying or terminating previously granted support; although it may constitute a change in circumstances that would justify altering the support amount. *Vaughn and Vaughn,* 25 Or App 655, 550 P2d 1243 (1976); *Vann and Vann,* 24 Or App 31, 544 P2d 175, Sup Ct *review denied* (1976). It follows a court cannot limit the duration of support on this sole basis by inserting such a provision in the decree. The decree is modified by removing the following language "or upon Respondent's entering into a relationship which substantially resembles marriage" intended to limit the support obligation.

Affirmed as modified. Costs to neither party.