Argued and submitted July 29, 1988, affirmed January 25, reconsideration denied April 28, petition for review allowed June 27, 1989 (308 Or 158)

## LINN COUNTY,
*Appellant,*

*v.*

## 22.16 ACRES OF REAL PROPERTY AND FIXTURES ATTACHED THERETO,
known as Tax Lot 200, Section 26,
Township 13 South, Range 2 West,
in Linn County, Oregon,
and items of personal property
and Nine Hundred and Seven Dollars ($907)
in U.S. currency located thereat,
*Defendant,*

CARTER et al,
*Respondents.*

(87-0320; CA A45936)

767 P2d 473

John T. Gibbon, Civil Deputy District Attorney, Albany, argued the cause for appellant. With him on the briefs were Jason Carlile, Linn County District Attorney, and Allison Smith, Civil Deputy District Attorney, Albany.

Robert J. McCrea, Eugene, argued the cause and filed the brief for respondents.

Russell B. West, Union County District Attorney, La Grande, filed a brief *amicus curiae* for Oregon District Attorney's Association.

John M. Junkin, County Counsel for Washington County, and Dan R. Olsen, Chief Assistant County Counsel, Hillsboro, filed a brief *amicus curiae* for Association of Oregon Counties.

Robert C. Homan, Eugene, filed a brief *amicus curiae* for American Civil Liberties Union Foundation of Oregon, Inc.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Linn County, in this action that it characterizes as civil, seeks to enforce a forfeiture of real and personal property pursuant to Linn County Code (LCC) § 8.20.000 *et seq.* That ordinance provides for the forfeiture to the county of property used or to be used for, or the profits or proceeds of, certain illegal activity. "Illegal activity" is characterized as "prohibited activity" and is defined as the completed or attempted manufacture or delivery of controlled substances or the possession of controlled substances with an intent to deliver.[1]

---

[1] LCC 8.20.100 provides:

"As used in this Ordinance, unless the context requires otherwise:

"(A) 'Controlled substances', are those defined in ORS 475.005(6) except that this shall not include less than 1 avoirdupois ounce of marijuana.

"(B) 'Deliver or delivery', is that defined in ORS 475.005(8).

"(C) 'Facilitate', means that the property must have some substantial connection to, or be instrumental in, the commission of the underlying illegal activity.

"(D) 'Illegal activity' means any of the following acts, whether completed or attempted:

"(1) The manufacture or delivery of controlled substances; or

"(2) The possession of controlled substances with the intent to deliver.

"(E) 'Manufacture', is that defined in ORS 475.005(14).

"(F) 'Marijuana', is that defined in ORS 475.005(15).

"(G) 'Production', is that defined in ORS 475.005(19)."

LCC 8.20.200 provides:

"(A) Any person who engages in illegal activity within Linn County shall forfeit to Linn County the following property and no property rights shall exist in them:

"(1) All controlled substances which are intended for manufacture or delivery or have been manufactured or delivered as defined in LCC 8.20.100.

"(2) All raw materials, products, containers, equipment, books, records, research materials (including formulas, microfilm, tapes and data) of any kind which are used or intended for use to manufacture, compound, store, possess or deliver any controlled substance.

"(3) All conveyances, including aircraft, vehicles or vessels which are used to facilitate any illegal activity.

"(4) All moneys, negotiable instruments, securities, or other things of value furnished or exchanged or intended to be furnished or exchanged by or to any person to facilitate any illegal activity, and all proceeds and profits traceable to such furnishment, exchange or prohibited activity.

"(5) All proceeds, profits and things of value (including real property)

The county seeks a forfeiture of real property and a truck allegedly used in the manufacture of marijuana and currency that is alleged to be proceeds of that activity.

The trial court granted respondent property owners'[2] motion to dismiss the complaint on the grounds that the ordinance is punitive and does not comply with the requirements of Article XI, section 2,[3] of the Oregon Constitution and, alternatively, that it is void in that it conflicts with state law, because it provides for greater penalties than those allowed by state law. *See City of Portland v. Dollarhide,* 300 Or 490, 714 P2d 220 (1986). We affirm, although for a different reason.

Linn County is not a home-rule county. Its authority to enact ordinances is derived from statute. ORS 203.035. ORS 30.315 authorizes counties to use civil proceedings, including forfeiture, to enforce their ordinances:

"(1)   An incorporated city or any county may, instead of penal enforcement, maintain civil proceedings in courts of this state against any person to enforce requirements or prohibitions of its ordinances or resolutions when it seeks:

---

traceable to any illegal activity.

"(6) (a) All real property which is used to manufacture or deliver or distribute any controlled substance.

"(b) This subsection shall not apply to residential real property which is used to facilitate the manufacture of less than one pound of marijuana when dried.

"(B) The forfeiture of the subject property is effective on the date the prohibited activity occurs. Title and ownership to the property shall pass to the County on that date.

"(C) It is not a condition precedent to the forfeiture under this Ordinance that criminal charges are filed with respect to the underlying illegal activity, nor is it a defense in any forfeiture proceeding that criminal charges were not pursued or that the charges were dismissed or resulted in an acquittal."

[2] The property owners were named in the complaint as interested parties. They appeared to contest the forfeiture.

[3] Or Const, Art XI, § 2, provides:

"Corporations may be formed under general laws, but shall not be created by the Legislative Assembly by special laws. The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon, and the exclusive power to license, regulate, control, or to suppress or prohibit, the sale of intoxicating liquors therein is vested in such municipality; but such municipality shall within its limits be subject to the provisions of the local option law of the State of Oregon."

"(a)    To collect a fee or charge;

"(b)    *To enforce a forfeiture;*

"(c)    To require or enjoin the performance of an act affecting real property;

"(d)    To enjoin continuance of a violation that has existed for 10 days or more; or

"(e)    To enjoin further commission of a violation that otherwise may result in additional violations of the same or related penal provisions affecting the public morals, health or safety.

"(2)    The court shall not impose a penal fine in a civil proceeding under subsection (1) of this section.

"(3)    *The remedies provided by this section shall not be used to enforce any requirement or prohibition of an ordinance or resolution that is also specifically defined as a crime and made punishable under the statutes of this state.*

"(4)    The remedies provided by this section are supplementary and in addition to those described in ORS 30.310." (Emphasis supplied.)

Under LCC 8.20.100 *et seq,* the property of a person who engages in conduct defined by the ordinance as illegal is subject to forfeiture, whether or not there has been a criminal prosecution or conviction for the underlying conduct. LCC 8.20.200(C). The ordinance refers to the "illegal" conduct as "prohibited activity":

"The forfeiture of the subject property is effective on the date the *prohibited* activity occurs. Title and ownership to the property shall pass to the County on that date." LCC 8.20.200(B). (Emphasis supplied.)

Although the ordinance does not expressly state that the conduct that it defines as illegal is a violation of county ordinance, the fact that the conduct is termed "illegal" and "prohibited" carries with it an implicit prohibition, the forfeiture being the sanction for engaging in that conduct. We conclude that LCC 8.20.100 *et seq,* to all intents and purposes, prohibits the conduct that it defines as illegal by reference to state statutes and that this forfeiture proceeding is brought to enforce those prohibitions. The county's ordinance actually incorporates the state definitions of crimes in setting forth what conduct is prohibited and will result in forfeiture. Because this proceeding to enforce county's forfeiture ordinance is prohibited by

ORS 30.315(3), the trial court did not err by dismissing it.[4] *See City of Springfield v. $10,000.00 In U.S. Currency,* 95 Or App 66, 767 P2d 476 (1989). We need not address respondents' constitutional arguments.

Affirmed.

---

[4] *Amicus* Oregon District Attorney's Association points out that ORS 30.310 contains a general provision permitting counties to "recover a * * * forfeiture." The more specific provision of ORS 30.315(3) controls. ORS 174.020.