Argued and submitted October 19, 1988, reversed and remanded with instructions to dismiss January 25, reconsideration denied April 28, petition for review allowed May 31, 1989 (308 Or 79)

## CITY OF SPRINGFIELD,
*Respondent,*

*v.*

## $10,000.00 IN U.S. CURRENCY,
*Defendant,*

*and*

## STARR,
*Appellant.*

## (87-90762; CA A48321)

767 P2d 476

Charles S. Spinner, Eugene, argued the cause and filed the brief for appellant.

Timothy J. Harold, Springfield, argued the cause for respondent. With him on the brief was Harms, Harold & Leahy, Springfield.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant Starr[1] appeals a judgment entered pursuant to Springfield Municipal Code (SMC) 7-12-5(5),[2] imposing a forfeiture of $10,000. City's complaint alleges that the money is proceeds and profits traceable to the illegal activity of criminal conspiracy to manufacture a controlled substance with the intent to deliver and is, therefore, subject to forfeiture.

■　　Starr first contends that the complaint must be dismissed, because the requirement of the ordinance that a complaint be brought within 20 *judicial* days after seizure of the property is inconsistent with ORCP 10A, which requires that Saturdays, Sundays and legal holidays be excluded only in

---

[1] The city named Starr, the owner of the money, as a defendant, even though it characterizes the proceeding as *in rem.*

[2] SMC 7-12-5 provides:

　　*"Forfeiture.* Any person who engages in illegal activity within City of Springfield shall forfeit to the City of Springfield the following property, and no property right shall exist in them:

　　"(1) All controlled substances which are intended for or have been manufactured or delivered as defined in 7-12-4 above.

　　"(2) All raw materials, products, containers, equipment, books, records, research materials (including formulas, microfilms, tapes and data) of any kind which are used, or are intended for use, to manufacture, compound, store, process or deliver any controlled substances.

　　"(3) All conveyances, including aircraft, vehicles or vessels which are used to manufacture or deliver or in any manner to facilitate the manufacture or delivery of any controlled substance or any such conveyance which is used to transport or conceal any controlled substance or any other illegal activity as defined by this Chapter.

　　"(4) All moneys, negotiable instruments, securities or other things of value furnished or exchanged or intended to be furnished or exchanged by or to any person to facilitate any illegal activity, and all proceeds and profits traceable to such furnishment, exchange or illegal activity.

　　"(5) All proceeds, profits and things of value traceable to any illegal activity, including firearms.

　　"(6) All equipment, materials or records of any sort that are used, or intended for use to facilitate any illegal activity; and

　　"(7)

　　　　"(a) All real property which is:

　　　　　　"(1) Used to manufacture or deliver or distribute any controlled
　　　　　　. substance.

　　　　"(b) This subsection shall not apply to residential real property which is used to facilitate the manufacture of less than one pound of marijuana."

computing time periods of less than seven days. ORCP governs only practice and procedure and does not apply to statutes of limitations, such as in the ordinance, which are substantive laws.

■      Starr's other contentions are that the forfeiture ordinance is punitive and is, therefore, void, because it violates ORS 30.315(2) and does not meet the requirements of Oregon Constitution, Article XI, section 2, and that, additionally, it is inconsistent with state law. We hold that the forfeiture proceeding under this ordinance is not permitted by ORS 30.315(3) and, therefore, that this proceeding must be dismissed.

Springfield's ordinance provides that any person who engages in "illegal activity" shall forfeit property to the city. SMC 7-12-5. Illegal activity is defined as the manufacture or delivery of controlled substances, the possession of controlled substances with the intent to deliver or criminal conspiracy to manufacture or deliver a controlled substance or possess a controlled substance with intent to deliver. The ordinance defines those activities by incorporating their definitions under state law. SMC 7-12-4.[3]

---

[3] SMC 7-12-4 provides:

"*Definitions.* As used in this Chapter, unless the context requires otherwise, the following words or phrases shall mean:

"(1)   *Controlled Substances.* Those substances as defined in ORS 475.005(6) [1983 ed.], except that this shall not include less than one avoirdupois ounce of marijuana.

"(2)   *Deliver or Delivery.* That defined in ORS 475.005(8) [1983 ed.].

"(3)   *Facilitate.* That the property must have some substantial connection to, or be instrumental in, the commission of the underlying illegal activity which this chapter seeks to prevent.

"(4)   *Illegal Activity.*

"(a)  The manufacture or delivery of controlled substances; or

"(b)  The possession of controlled substances with the intent to deliver; or

"(c)  Criminal conspiracy to manufacture or deliver a controlled substance or possess a controlled substance with intent to deliver.

"(5)   *Manufacture.* That defined at ORS 475.005(14) [1983 ed.].

"(6)   *Marijuana.* That defined in ORS 475.005(15) [1983 ed.].

"(7)   *Possession of Controlled Substances with the Intent to Distribute.*

ORS 30.315 provides:

"(1)   An incorporated city or any county may, instead of penal enforcement, maintain civil proceedings in courts of this state against any person to enforce requirements or prohibitions of its ordinances or resolutions when it seeks:

"(a)   To collect a fee or charge;

"(b)   *To enforce a forfeiture;*

"(c)   To require or enjoin the performance of an act affecting real property;

"(d)   To enjoin continuance of a violation that has existed for 10 days or more; or

"(e)   To enjoin further commission of a violation that otherwise may result in additional violations of the same or related penal provisions affecting the public morals, health or safety.

"(2)   The court shall not impose a penal fine in a civil proceeding under subsection (1) of this section.

"(3)   *The remedies provided by this section shall not be used to enforce any requirement or prohibition of an ordinance or resolution that is also specifically defined as a crime and made punishable under the statutes of this state.*

"(4)   The remedies provided by this section are supplementary and in addition to those described in ORS 30.310." (Emphasis supplied.)

In *Linn County v. 22.16 Acres,* 95 Or App 59, 767 P2d 473 (1989), we held that ORS 30.315(3) prohibits Linn County from bringing a proceeding to enforce its forfeiture ordinance, because the ordinance prohibits conduct that is defined as a crime under state law. The same analysis applies here. Although, unlike Linn County's ordinance, Springfield's does not expressly state that the conduct it defines as illegal is "prohibited," still, by characterizing certain conduct as

---

That defined at 21 USC 841(a)(1) [1976 ed.; published 1981].

"(8)   *Production.* That defined in ORS 475.005(19) [1983 ed.].

"(9)   *Criminal Conspiracy.* That defined in ORS 161.450 [1983 ed.].

"(10)   *Law Enforcement Activities.* Activities which are normally and customarily carried out by police agencies for the purpose of enforcing the criminal code of the City, State, and Federal Government."

We note that possession of controlled substances with the intent to distribute is defined by incorporating the federal definition. That illegal activity is not involved here.

"illegal" as defined under state law and imposing sanctions for that conduct, the ordinance implicitly prohibits the activity. This proceeding is brought to enforce those prohibitions. As in *Linn County,* therefore, this proceeding is barred by ORS 30.315(3), and must be dismissed. We need not address Starr's other arguments.

Reversed and remanded with instructions to dismiss.