Argued and submitted October 20, 1989, reversed January 17, 1990

MULTNOMAH COUNTY,
*Plaintiff - Respondent,*

*v.*

$56,460 IN U.S. CURRENCY etc.,
*Defendants,*

UMEMOTO,
*Claimant - Appellant.*

(A8611-06781; CA A50102)

785 P2d 367

Jenny Cooke, Portland, argued the cause and filed the briefs for appellant.

Jennifer J. Martin, Deputy District Attorney, Portland, argued the cause for respondent. With her on the briefs was Michael D. Schrunk, District Attorney for Multnomah County, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Multnomah County (County) brought this forfeiture proceeding pursuant to Multnomah County Ordinance Chapter 7.85, alleging that "defendants" were the profits and proceeds of illegal activities.[1] Claimant filed an answer, denying the substantive allegations. On October 11, 1988, after a jury trial, the court entered a judgment of forfeiture. Claimant appeals.

Claimant's first contention is that this proceeding is barred by state law, specifically *former* ORS 30.315(3).[2] In *Multnomah County v. $5,650 In U.S. Currency,* 96 Or App 420, 774 P2d 489, *rev allowed* 308 Or 197 (1989), we held that an identical proceeding was prohibited by that statute. We adhere to our reasoning and holding in *Multnomah County. See City of Springfield v. $10,000.00 In U.S. Currency,* 95 Or App 66, 767 P2d 476, *rev allowed* 308 Or 79 (1989); *Linn County v. 22.16 Acres,* 95 Or App 59, 767 P2d 473, *rev allowed* 308 Or 158 (1989).

In 1989, after those three cases were decided, the

---

[1] The complaint alleged that claimant Umemoto "engaged in one or more of the following illegal activites in violation of Multnomah County Code, Section 7.85 *et seq:*

"(a) The possession of a controlled substance with the intent to deliver.

"(b) The delivery of a controlled substance[,]"

and that defendants were profits or proceeds of that activity.

[2] *Former* ORS 30.315 provided:

"(1) An incorporated city or any county may, instead of penal enforcement, maintain civil proceedings in courts of this state against any person to enforce requirements or prohibitions of its ordinances or resolutions when it seeks:

"(a) To collect a fee or charge;

"(b) To enforce a forfeiture;

"(c) To require or enjoin the performance of an act affecting real property;

"(d) To enjoin continuance of a violation that has existed for 10 days or more; or

"(e) To enjoin further commission of a violation that otherwise may result in additional violations of the same or related penal provisions affecting the public morals, health or safety.

"(2) The court shall not impose a penal fine in a civil proceeding under subsection (1) of this section.

"(3) The remedies provided by this section shall not be used to enforce any requirement or prohibition of an ordinance or resolution that is also specifically defined as a crime and made punishable under the statutes of this state.

"(4) The remedies provided by this section are supplementary and in addition to those described in ORS 30.310."

legislature amended ORS 30.315. Or Laws 1989, ch 882. It now provides:

"(1)   An incorporated city or any county may maintain civil proceedings in courts of this state against any person or property to enforce requirements or prohibitions of its ordinances or resolutions when it seeks:

"(a)   To collect a fee or charge;

"(b)   To enforce a forfeiture;

"(c)   To require or enjoin the performance of an act affecting real property;

"(d)   To enjoin continuance of a violation that has existed for 10 days or more; or

"(e)   To enjoin further commission of a violation that otherwise may result in additional violations of the same or related penal provisions affecting the public morals, health or safety.

"(2)   The remedies provided by this section are supplementary and in addition to those described in ORS 30.310.

"(3)   Nothing in this section shall affect the limitations imposed on cities and counties by subsections (3) and (4) of section 1, chapter 791, Oregon Laws 1989 (Enrolled House Bill 2282)."

The significant changes include the deletion of *former* subsection (3), *see* note 2, *supra,* which we had concluded in *Multnomah County v. $5,650 In U.S. Currency, supra,* prohibited the county's proceeding, and an amendment to subsection (1) that expressly permits actions *in rem,* as well as those against any person. The bill contained an emergency clause and was signed into law on July 27, 1989. County contends, relying on language in *Joseph v. Lowery,* 261 Or 545, 547, 495 P2d 273 (1972), that the statute and amendment are remedial and, therefore, that the statute *as amended* applies retroactively.[3]

Whether a statutory amendment applies retroactively is a question of legislative intent. *Whipple v. Howser,* 291 Or 475, 480-81, 632 P2d 782 (1981). When the legislature has expressed no clear intent, we may resort to "a number of

---

[3] The legislature also passed a comprehensive bill dealing with the subject of forfeiture. Or Laws 1989, ch 791. County concedes that that law is not retroactive and that it is not applicable to this case.

'rules' or 'maxims' of statutory construction" to determine probable legislative intent. 291 Or at 481. One general rule is that, "[u]nless retroactive construction is mandatory by the terms of the act, it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 343, 367 P2d 436 (1961). That is so without regard to whether the change is "remedial" or "substantive." *Joseph v. Lowery, supra,* 261 Or at 549; *see Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 577 P2d 477, *cert den* 439 US 1051 (1978); *Bergstad v. Thoren,* 86 Or App 70, 738 P2d 223 (1987).

The 1989 Legislature did not indicate whether it intended its amendment of ORS 30.315 to apply retroactively. Assuming, without deciding, that the amended version of ORS 30.315 would permit this proceeding, we conclude that it would impair claimant's rights and obligations with respect to past transactions, in that it would permit a forfeiture proceeding *in rem* based on conduct that occurred at a time when no such proceeding was permissible. Accordingly, we cannot apply the statute as amended retroactively, and we hold that this proceeding, like the proceeding in *Multnomah County v. $5,650 In U.S. Currency, supra,* is barred by *former* ORS 30.315.[4]

Reversed.

---

[4] In view of our holding, we need not consider claimant's remaining assignments.