Argued and submitted April 7, affirmed November 17, appellant's petition for reconsideration filed December 20, 1993, allowed by opinion April 20, 1994
See 127 Or App 489 (1994)

In the Matter of the Marriage of

## Laverne Watts EDWARDS,
*Appellant,*

*and*

## Ernest Jackson EDWARDS,
*Respondent.*

(77-6988; CA A77135)

863 P2d 513

James C. Jagger argued the cause for appellant. With him on the brief was Jagger & Holland, P.C.

John G. Cox argued the cause for respondent. With him on the brief was Hutchinson, Anderson, Cox, Parrish & Coons, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Wife appeals from the dismissal of her motion to modify the dissolution judgment. On *de novo* review, we affirm.

The dissolution judgment was entered in 1978. That judgment incorporated a property settlement agreement, which provided for payment of "permanent" spousal support to wife, terminable upon wife's "remarriage or cohabitation with a member of the opposite sex." In 1983, husband moved to modify the judgment to eliminate his obligation to pay further spousal support, because wife was cohabiting with a member of the opposite sex. The trial court granted husband's motion.

Some time later, wife terminated her relationship with the man with whom she had been living. She then moved to modify the judgment of dissolution to reinstate spousal support. Wife argued that a recently enacted statute, ORS 107.136, permitted the reinstatement of spousal support. Husband moved to dismiss the motion, arguing that ORS 107.136 does not apply to cases in which spousal support was terminated before the statute was enacted. The trial court agreed with husband, granted his motion and entered judgment dismissing wife's motion to modify. Wife assigns error to the trial court's entry of judgment for husband.

■ ■ The legislature enacted ORS 107.136 in 1991. It provides:

> "Whenever spousal support has been terminated under ORS 107.135, the court has the power to order reinstatement of the support obligation if:
>
> "(1) The basis for termination ceases to exist; and
>
> "(2) The reinstatement motion is filed within the period of time support would have been paid had the support obligation not been terminated."

Husband argues that ORS 107.136 is inapplicable for two reasons. First, ORS 107.136 applies only when spousal support has been terminated under ORS 107.135, which provides for modification of a spousal support obligation upon proof of "[a] substantial change in economic circumstances of a party * * *." ORS 107.135(2)(a). According to husband, his 1983

motion for modification was not predicated on a substantial change in wife's economic circumstances; instead, it was based on the fact that wife's cohabitation with a person of the opposite sex provided the basis for termination of spousal support under the terms of the property settlement agreement, independent of ORS 107.135. Wife argues that the 1983 modification motion was necessarily brought under ORS 107.135, because there is no other basis for a modification of a dissolution judgment. We agree with wife.

When a settlement agreement is incorporated into a dissolution judgment, the court's authority to modify that judgment rests on the statute, not on the agreement. *Davis v. Davis*, 19 Or App 209, 211, 527 P2d 149 (1974), *rev den* (1975). To hold otherwise would contradict the general rule that the authority of the court in the exercise of its domestic relations jurisdiction is limited to whatever has been conferred by statute. *Grayson v. Grayson*, 222 Or 507, 513, 352 P2d 738 (1960).

Husband's second argument is that, even if his 1983 modification motion had been brought under ORS 107.135, the statute providing for reinstatement was not enacted until 1991 and should not be applied retroactively to revive a spousal support obligation terminated years before enactment. Wife argues that retroactive application of the statute is appropriate on the basis of the maxim of construction that statutes may be applied retroactively if they establish procedural relief and do not change any prior rights of the parties. On that issue, we agree with husband.

Whether a statute applies retroactively is a question of legislative intent. *Whipple v. Howser*, 291 Or 475, 480-81, 632 P2d 782 (1981). We look first to the text and the context of the statutory provision at issue. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). If that inquiry does not establish the legislature's intent, then we look to the history of the provision. Only if that inquiry proves fruitless do we apply "maxims" or other general rules of statutory construction. *Whipple v. Howser, supra*, 291 Or at 487.

Here, the legislature did not specify whether it intended ORS 107.136 to apply retroactively. Nothing in the

statute's text or context speaks to the question one way or the other. We turn then to the history of the provision. ORS 107.136 originated as part of HB 2445, which included two provisions. In one, the legislature amended ORS 107.135 to impose a new condition on the termination of spousal support. That new provision, now codified at ORS 107.135(4), provides:

> "Upon terminating a duty of spousal support, a court shall make specific findings of the basis for the termination and shall include the findings in the judgment order."

In the second provision, codified at ORS 107.136, the legislature established a right to reinstate a spousal support obligation if "[t]he basis for the termination ceases to exist." Given that the requirement to make findings concerning the "basis for the termination" was created by the new law, it is apparent that resinstatement on the ground that the "basis for termination" no longer exists, can only apply prospectively.

■ ■ Even if we were to conclude that the legislative history were inconclusive, resort to the applicable rules of construction would lead us to the same conclusion. When the legislature has not plainly expressed its intentions,

> "[u]nless retroactive construction is mandatory by the terms of the act[,] it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." *Kempf v. Carpenters and Joiners Union*, 229 Or 337, 343, 367 P2d 436 (1961).

*See also Multnomah County v. $56,460 in U.S. Currency*, 100 Or App 144, 147-48, 785 P2d 367 (1990). If we were to apply ORS 107.136 retroactively, it certainly would "create new obligations," in that it would permit the court to require husband to pay spousal support when there has been no such obligation for years. The trial court, therefore, did not err in dismissing wife's motion for modification of the dissolution judgment.

Affirmed.