Argued and submitted September 6, 1989, the decision of the Court of Appeals and judgment of the circuit court affirmed January 31, 1990

LINN COUNTY,
*Petitioner on Review,*

*v.*

22.16 ACRES OF REAL PROPERTY
AND FIXTURES ATTACHED THERETO,
known as Tax Lot 200, Section 26,
Township 13 South, Range 2 West,
in Linn County, Oregon,
and items of personal property
and Nine Hundred and Seven Dollars ($907)
in the U.S. Currency located thereat,
*Defendants (below),*

CARTER et al,
*Respondents on Review.*

(TC 87-0320; CA A45936; SC S36004)

786 P2d 726

John T. Gibbon, Civil Deputy District Attorney, Albany, argued the cause for petitioner on review. On the petition were

Jason Carlile, Linn County District Attorney, and Allison Smith, Civil Deputy District Attorney, Albany.

Robert J. McCrea, Eugene, argued the cause for respondents on review.

LINDE, J.

## LINDE, J.

Linn County filed a complaint in circuit court seeking forfeiture of 22.16 acres of real property, a house, a pickup truck, currency, and other personal property pursuant to a county ordinance, LCC 8.20 *et seq.* The circuit court dismissed the complaint on motion of interested parties named therein, holding the ordinance void for imposing a sanction beyond criminal penalties provided by state law, contrary to Article XI, section 2, of the Oregon Constitution. *See City of Portland v. Dollarhide,* 300 Or 490, 714 P2d 220 (1986). The Court of Appeals affirmed the judgment of dismissal on other grounds. 95 Or App 59, 767 P2d 473 (1989). We affirm the decision of the Court of Appeals.

In *City of Springfield v. $10,000.00 In U.S. Currency,* 309 Or 272, 786 P2d 723 (1990), also decided today, we noted the distinction between issues of local authority, of limitations on local authority, and of the use of state courts by local government. Linn County has not adopted a "home rule" charter under Article VI, section 10, of the Oregon Constitution, but its authority derives from statute. ORS 203.035, 203.065.[1] As for constitutional limitations, the county cor-

---

[1] ORS 203.035 provides in part:

"(1) Subject to subsection (3) of this section, the governing body or the electors of a county may by ordinance exercise authority within the county over matters of county concern, to the fullest extent allowed by Constitutions and laws of the United States and of this state, as fully as if each particular power comprised in that general authority were specifically listed in ORS 203.030 to 203.075.

"(2) The power granted by this section is in addition to other grants of power to counties, shall not be construed to limit or qualify any such grant and shall be liberally construed, to the end that counties have all powers over matters of county concern that it is possible for them to have under the Constitutions and laws of the United States and of this state."

ORS 203.065 provides in part:

"(1) Violation of an ordinance adopted by a county governing body under ORS 203.030 to 203.075 shall be punishable, upon conviction, by a fine of not more than $500 for a noncontinuing offense and a fine of not more than $1,000 for a continuing offense.

"(2) The violator of a county ordinance may be prosecuted by the county in the name of the county, or be made the defendant in a civil proceeding by the county seeking redress of the violation.

"(3) Every act or thing done, or anything existing within the limits of a county, which is declared by an ordinance of the county adopted under ORS 203.030 to 203.075 to be a nuisance, shall constitute a nuisance and may be regarded as such in all actions, suits and proceedings, unless the ordinance is declared void by a court of competent jurisdiction."

rectly points out that Article XI, section 2, which subjects city charters and ordinances enacted thereunder to "the criminal laws of the State of Oregon," refers only to cities, not to counties. *See Carriker v. Lake County,* 89 Or 240, 171 P 407 (1918) (holding that Article II, section 2, allows cities but not counties to make their own charters). Preemption of the county's ordinance therefore would have to rest on a different analysis from that in *City of Portland v. Dollarhide, supra,* and *LaGrande/Astoria v. PERB,* 281 Or 137, 576 P2d 1204, *adhered to on rehearing,* 284 Or 173, 586 P2d 765 (1978), but that analysis need not be pursued today. The Court of Appeals held that whether or not the county's ordinance otherwise was valid, it could not be enforced under *former* ORS 30.315(3).

ORS 30.315 provides that cities and counties, instead of using penal enforcement, may enforce their ordinances by civil proceedings in the circuit courts to collect fees, enforce forfeitures, or enjoin violations. The section was significantly amended in 1989, but at the time of the present proceeding, *former* ORS 30.315(3) provided that the stated remedies could not be used "to enforce any requirement or prohibition of an ordinance or resolution that is also specifically defined as a crime and made punishable under the statutes of this state." The county maintains that this limitation did not prevent circuit court enforcement of its forfeiture ordinance.

The county contends that the forfeitures contemplated under its ordinance are not directed to persons, nor prohibitory or punitive, but rather seek to deter and prevent the use of property in criminal activities. The first contention does not seem entirely accurate; LCC 8.20.200 provides that "[a]ny person who engages in illegal activity within Linn County shall forfeit" described types of property. The property subject to forfeiture is "controlled substances" intended for or actually involved in unlawful manufacture or delivery as defined in the state's controlled substances law, and raw materials, equipment, records, financial assets, conveyances, and real property used to facilitate illegal activities in controlled substances.[2] LCC 8.20.200 does not require actual criminal

---

[2] LCC 8.20.100 provides:

"As used in this Ordinance, unless the context requires otherwise:

"(A) 'Controlled substances' are those defined in ORS 475.005(6) except that

charges to be brought; it provides that such property is forfeited and ownership passes to the county on the date when the prohibited activity occurs regardless whether anyone is charged, convicted, or acquitted. This lends some plausibility to the county's argument that its forfeiture is independent of criminal law enforcement, but that is not decisive. The ordinance is premised on use of property in connection with the traffic in controlled substances that is punishable under state law.

In *City of Springfield v. $10,000.00 In U.S. Currency, supra,* we affirmed the holding of the Court of Appeals that *former* ORS 30.315(3) denied the use of the state courts to enforce a forfeiture for conduct that is defined as a crime and made punishable under state law, regardless whether the forfeiture itself is "civil" or "criminal" under the city's or county's ordinance. The county contends that this holding goes beyond the legislative purposes in enacting ORS 30.315(3), which the county would limit to avoiding problems of double jeopardy and of discretion in choosing between criminal or civil proceedings. Although these were among the legislative concerns, we do not find ORS 30.315 so limited. *See City of Springfield v. $10,000.00 In U.S. Currency, supra,* 309 Or at 278. The county also points to possible effects of this holding on local forfeitures under state regulatory statutes that are potentially enforceable by misdemeanor sanctions. These are unlike the laws against the illegal traffic in drugs, which are

---

this shall not include less than 1 avoirdupois ounce of marijuana.

"(B) 'Deliver or delivery' is that defined in ORS 475.005(8).

"(C) 'Facilitate' means that the property must have some substantial connection to, or be instrumental in, the commission of the underlying illegal activity.

"(D) 'Illegal activity' means any of the following acts, whether completed or attempted:

"(1) The manufacture or delivery of controlled substances; or

"(2) The possession of controlled substances with the intent to deliver.

"(E) 'Manufacture' is that defined in ORS 475.005(14).

"(F) 'Marijuana' is that defined in ORS 475.005(15).

"(G) 'Production' is that defined in ORS 475.005(19)."

Linn County proceeded *in rem* against the property. The owners of the property appeared as interested parties. Because we conclude that the circuit court could not enforce a local forfeiture action based on conduct made criminal by state law, we need not decide whether such an action should designate the property or the property owners as defendants.

almost entirely enforced by criminal penalties, and we know of no instances of the concerns raised by the county. As we also observed in *City of Springfield, supra,* the legislature in 1989, after the events in the present case, repealed ORS 30.315(3) and substituted a new provision, with effects on which we express no view.

With respect to the present judgment, the decision of the Court of Appeals and the judgment of the circuit court are affirmed.