Argued and submitted September 6, 1989, the decision of the Court of Appeals affirmed and the judgment of the circuit court reversed and remanded with instructions January 31, 1990

MULTNOMAH COUNTY,
*Petitioner on Review,*

*v.*

$5,650 IN U.S. CURRENCY,
one 1984 BMW 2-D sedan, VIN WBAAK7408E8705670,
and one 1979 Honda 2-D, OR LIC. BTL 787,
*Defendants (below),*

WELLS,
*Respondent on Review,*

*and*

STEWART,
*Respondent (below).*

(A8512-07963; CA A48456)

MULTNOMAH COUNTY
*Petitioner on Review,*

*v.*

PROCEEDS OF FIRST INTERSTATE
BANK OF OREGON ACCOUNT #1040029661,
in the name of Roosevelt Dossie;
proceeds of First Interstate Bank of Oregon,
account #1040000535, in the name of
Roosevelt Dossie; and the proceeds of
First Interstate Bank of Oregon cashier's check
#00925 in the amount of $84,770.60 and
proceeds of First Interstate Bank of Oregon
cashier's check #00923 in the amount of $4,974.18,
*Defendants (below),*

DOSSIE,
*Respondent on Review,*

DOSSIE et al,
*Intervenors (below).*

(A8608-04859; CA A48241)
(SC S36239)
(Cases Consolidated for Argument and Opinion Only)
786 P2d 729

Jennifer J. Martin, Multnomah County Deputy District Attorney, Portland, argued the cause for petitioner on review. With her on the petition was Michael D. Schrunk, Multnomah County District Attorney, Portland.

Lawrence Matasar, of Hoffman, Matasar & Glaeser, Portland, argued the cause and filed a response for respondent on review Kenneth Wells.

Rex Armstrong, Eugene, argued the cause for respondent on review Roosevelt Dossie.

LINDE, J.

## LINDE, J.

Multnomah County proceeded in the circuit court to forfeit certain "items of money" and other personal property pursuant to a county ordinance, M.C.C. 7.85.005 *et seq.* The ordinance provides that "[a]ny person who engages in illegal activity" within Multnomah County shall forfeit to Multnomah County specified "controlled substances," raw materials, equipment, and conveyances used or intended to be used in making or delivering controlled substances, money and other financial assets "furnished or exchanged or intended to be furnished or exchanged by or to any person to facilitate any illegal activity, and all proceeds and profits traceable to such furnishment, exchange, or illegal activity." M.C.C. 7.85.025. In one complaint, the county named the "items of money" as defendants and identified Roosevelt Dossie as a person who was "in possession of defendants" and who (along with Kathleen Dossie) engaged in "illegal activities in violation of" the county's ordinance. In a second complaint, the county named two cars and currency as defendants and identified Kenneth Wells as the person who was "in possession of the defendants" and who engaged in "illegal activities in violation of" the ordinance. The owners of the property appeared as interested parties.[1]

The property owners filed motions for summary judgment on grounds, among others, that the county's ordinance was unconstitutional and preempted by state statutes. These motions were denied and judgments of forfeiture were entered by the circuit court. The Court of Appeals reversed the judgments, 96 Or App 420, 774 P2d 489 (1989), and we allowed the county's petition for review. We affirm the decision of the Court of Appeals.

In *City of Springfield v. $10,000.00 In U.S. Currency,* 309 Or 272, 786 P2d 723 (1990), and *Linn County v. 22.16 Acres,* 309 Or 279, 786 P2d 726 (1990), also decided today, we held that *former* ORS 30.315(3) did not open the state courts to cities and counties to enforce forfeitures imposed by them for conduct that is defined and punishable as a crime under

---

[1] Because we conclude that the circuit court could not enforce a local forfeiture action based on conduct made criminal by state law, we need not decide whether such an action should designate the property or the property owners as defendants.

state law. Like the ordinances in those cases, Multnomah County's ordinance defines the terms "controlled substances," "delivery," "manufacture," "production," and "illegal activity" by reference to the state statutes that impose criminal penalties for producing and distributing specified drugs, ORS Chapter 475. M.C.C. 7.85.010.[2]

The present cases differ from *City of Springfield* and *Linn County* in that Multnomah County has adopted a "home rule" charter under Article IX, section 10, of the Oregon Constitution. The county therefore asserts that the Court of Appeals erroneously held that the county has no authority to enact and enforce ordinances like M.C.C. 7.85.005 *et seq.* We do not understand the decision of the Court of Appeals to hold, and we do not hold, that the county lacked authority to enact this ordinance nor that the ordinance was preempted by the state's law.[3]

The court wrote: "The issue, however, does not involve preemption by state law; rather, it is whether state law authorizes these proceedings." The opinion may not have been entirely clear when it continued by discussing whether ORS 30.310, ORS 30.315, or ORS 166.725(12) "authorize" the county to bring *in rem* actions to enforce forfeitures. The question is not whether the county could give itself authority to act as a litigant but rather whether the state's courts were authorized to adjudicate the county's claim. The fact that a county acts under a home rule charter does not mean that it can call upon the state courts to enforce ordinances or otherwise to exercise their jurisdiction in any case that the county wishes. What cases or remedies state courts will adjudicate remains a matter of state law (in this case, *former* ORS 30.315(3)), not of home rule. The county argues that this provision applies only to prohibitory ordinances. The same

---

[2] The county's ordinance also covers illegal gambling, as defined in ORS 167.117(4), which is not involved in these cases.

M.C.C. 7.85.010 defines "possession of controlled substances with the intent to distribute" by reference to 21 USC 841(a)(1) (1981). The prohibitions in ORS 475.992(4) and 21 USC 841(a)(1) apply to possession of the same controlled substances, listed in 21 USC 812 (1981).

[3] Although provisions of the criminal code, ORS 161.045(3), racketeering law, ORS 166.725(12), and Uniform Controlled Substances Act, ORS 475.255, all state that those statutes do not preclude other remedies authorized by law, these assurances are not themselves the source of a remedy nor do they provide its judicial enforcement.

argument was rejected in *City of Springfield.* As noted in *City of Springfield,* since these proceedings were initiated, the Legislative Assembly in fact has reconsidered forfeiture proceedings and has amended ORS 30.315. 309 Or at 274. We hold only that under *former* ORS 30.315(3), the circuit court could not enforce the county's forfeitures to the extent that they were based on conduct that was defined and punishable as a crime under state law, as they were in these cases.

The decision of the Court of Appeals is affirmed, and the judgments of the circuit court are reversed and remanded with instructions to dismiss.