Argued and submitted November 20, 1998, affirmed January 12, petition for review denied June 6, 2000 (330 Or 362)

STATE OF OREGON,
*Respondent,*

*v.*

HERBERT JOE LOGSDON,
*Appellant.*

(96CR0040; CA A95705)

995 P2d 1178

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was Diane L. Alessi, Interim Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Haselton and Wollheim, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a controlled substance. ORS 475.992(4). He assigns error to the trial court's denial of his motion to suppress evidence obtained in violation of a provision of the Josephine County Charter, which forbids police to search private property without prior written consent or a search warrant. The trial court held that the charter provision is invalid and cannot therefore provide a basis for suppressing evidence in a criminal case. We agree with the trial court and affirm.

The relevant facts are not in dispute. A paid, confidential informant told a detective with the Josephine County Interagency Narcotics Team (JOINT) that he had observed defendant selling methamphetamine in defendant's residence. The informant also said that he had purchased methamphetamine from a third person, who had obtained it from defendant. In response to that information, the detective arranged with the informant to make a controlled purchase. The informant went to defendant's residence wearing a body wire, while JOINT detectives monitored the transaction. When the transaction was completed, the detectives obtained a warrant to search defendant's residence. The request for a warrant was accompanied by an affidavit attesting to the foregoing facts. A warrant issued, and a search of defendant's residence produced evidence of methamphetamine and associated paraphernalia.

Defendant moved to suppress the evidence seized pursuant to the warrant. He argued that the warrant was based on information that the confidential informant—a paid agent of JOINT—obtained from defendant's residence without first obtaining a warrant or written consent, as required by the Josephine County Charter. The trial court denied the motion on two grounds: first, because defendant unsuccessfully had raised the argument in another, albeit still-pending, criminal proceeding and was therefore estopped from raising it again; and second, because, in any event, the Josephine County Charter provision that forbade police searches without a warrant or written consent is invalid.

On appeal, defendant argues that both of the trial court's conclusions are wrong. The state concedes that the trial court erred in concluding that a nonfinal determination in a separate proceeding precludes relitigation of the issue, and we accept the state's concession. The state nevertheless argues that the trial court should be affirmed, because it correctly concluded that the Josephine County Charter provision restricting the authority of police officers to enforce the state's drug laws is invalid. We agree with the state.

■　　In 1995, the voters of Josephine County enacted an amendment to the Josephine County Charter that provides, in part:

> "In Josephine County, the right of the people to be secure in their persons, houses, papers, and effects, against any unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

> "DEFINITION: UNREASONABLE: No public official, elected, appointed, or any agent of the government, or entity, is to enter private property, for the purpose of obtaining information, data, or material, without obtaining prior written consent of the property owner and tenant, or court order issued upon probable cause.

> "* * * Where * * * current law * * * within or outside of Josephine County may be interpreted to deny or erode any of the provisions of this Charter Amendment, that interpretation is void and is not to be enforced within Josephine County by any individual, group, or federal, state or local governmental body or agency."

Josephine County Charter, § 29.4. The validity of a charter amendment depends first on whether the voters of the county had the authority to enact it. If they did, we then must determine whether the charter amendment nevertheless is preempted by state law. As the Supreme Court explained in *LaGrande/Astoria v. PERB*, 284 Or 173, 176, 586 P2d 765 (1978), a constitutional grant of authority to a local government does not necessarily mean that the state lacks authority to enact legislation on the same matter, and vice versa. There may well be overlap in the constitutional authority of

state and local governments to enact legislation. That is a separate question from whether the local government's authority affirmatively has been preempted by a conflicting state enactment. *See also Boytano v. Fritz*, 131 Or App 466, 475, 886 P2d 31 (1994), *aff'd on other grounds* 321 Or 498, 901 P2d 835 (1995) (explaining distinction between determination of local government authority to enact and preemption of that authority by state enactment).

The authority of the county to adopt and amend a county charter derives from Article VI, section 10, of the Oregon Constitution, which provides:

> "The Legislative Assembly shall provide by law a method whereby the legal voters of any county, by majority vote of such voters voting thereon at any legally called election, may adopt, amend, revise or repeal a county charter. *A county charter may provide for the exercise by the county of authority over matters of county concern.*"

(Emphasis added.) ORS 203.710 to ORS 203.810 provide the method of enacting such charters and charter amendments.

The pertinent provision of the constitutional grant of authority permits county charters to provide for the exercise of authority over "matters of county concern." Neither the constitution nor the implementing statutes define the term, however. We have noted that the grant of authority to counties in Article VI, section 10, is an adaptation of city home rule provisions and that, in consequence, "the authority of a county under a home rule charter may be as broad as that of a city." *Schmidt v. Masters*, 7 Or App 421, 428, 490 P2d 1029 (1971), *rev den* (1972).

■    Although the perimeters of city and county home rule authority may defy easy delineation, certain qualifications of that authority may be stated with some confidence. In particular, it is well established that, whatever else local government authority may entail, it does not include governing the conduct of state and federal officials. *See, e.g., Multnomah County v. $5,650 in U.S. Currency*, 309 Or 285, 289, 786 P2d 729 (1990) ("The fact that a county acts under a home rule charter does not mean that it can call upon the state courts to enforce ordinances or otherwise to exercise their jurisdiction in any case that the county wishes.");

*La Grande v. Municipal Court et al.*, 120 Or 109, 114-15, 251 P 308 (1926) (cities cannot alter jurisdiction or function of state courts); *Kiernan v. Portland*, 57 Or 454, 463, 111 P 379 (1910), *error dismissed* 223 US 151, 32 S Ct 231, 56 L Ed 386 (1912) (home rule entities may not regulate other governmental units); *Lines v. City of Milwaukie*, 15 Or App 280, 286, 515 P2d 938 (1973), *rev den* (1974) (home rule city does not have authority to alter the jurisdiction of state courts).

■ In this case, section 29.4 of the Josephine County Charter, by its terms, purports to govern the conduct of any "public official," whether elected or appointed, and "any agent of the government." Indeed, it declares that no one—no "individual, group, or federal, state or local governmental body or agency"—may enforce any law that is contrary to section 29.4. No county has the authority to do that. Section 29.4 goes well beyond any matter that legitimately may be regarded as a "county concern." It follows that section 29.4 is invalid and that the trial court did not err in so concluding and, on that basis, in denying defendant's motion to suppress.

Affirmed.